429 F.Supp.2d 469 (2006)
Carmen Elizabeth Marrero HERNANDEZ, et al., Plaintiffs,
v.
ESSO STANDARD OIL COMPANY (PUERTO RICO), a Puerto Rico Corporation, Defendant/Third-Party Plaintiff,
Carlos Rodriguez Perez, Carmen Ortiz Lopez, and their conjugal partnership; and Carlos M. Belgodere Pamies, Janet Roe, and their conjugal partnership, Third-Party Defendants.
Civil No. 03-1485 (JAG/GAG).
United States District Court, D. Puerto Rico.
May 2, 2006.
*470 Jose A. Hernandez-Mayoral, Hernandez Mayoral Law Office, Orlando Cabrera-Rodriguez, Orlando Cabrera Rodriguez Law Office, Juan H. Saavedra-Castro, Juan H. Saavedra Castro Law Office, Rafael E. Garcia-Rodon, Rafael E. Garcia Rodon Law Office, San Juan, PR, for Plaintiffs.
John F. Nevares, Miguel J. Ortega-Nunez, John F. Nevares & Assoc. PSC, Pedro J. Santa-Sanchez, O'Neill & Borges, San Juan, PR, Phv Lawrence P. Riff, Pvh Jason Levin, Steptoe & Johnson LLP CA, Phv Mariana Aguilar, Los Angeles, CA, for Defendant/Third-Party Plaintiff.
Carlos M. BelgoderePamies, Bayamon, PR, pro se.
Linda S. Rodriguez-Gardeslen, Landron & Vera LLP, Guaynabo, PR, Julio E. Gil-De-La-Madrid, Gil De Lamadrid, PSC, Bayamon, PR, for Third-Party Defendants.
Hector M. Alvarado-Tizol, Carolina, PR, for Plaintiff and Third-Party Defendant.

FINDINGS OF FACT AND RULING ON PLAINTIFFS' REQUEST FOR A CEASE AND DESIST ORDER
GELPI, United States Magistrate Judge.

INTRODUCTION
The plaintiffs, residents and property owners at La Vega Ward in Barranquitas, Puerto Rico, filed a Complaint on March 2003, charging defendant Esso Standard Oil Company (Puerto Rico), Inc. ("Esso") with violations to several federal environmental statutes, as well as to Puerto Rico nuisance and tort laws. They claim environmental damage as a result of contamination from leaking underground storage tanks at the Esso Service Station located in the community. They also claim the contamination has caused damages to their health and property and constitutes a nuisance.
On April 19, 2006, several plaintiffs filed a Petition for Temporary Restraining Order. This petition alleged that Esso had begun drilling holes on the contaminated ground at the station from which vapors and odors began to emanate causing a nuisance to the community. Invoking Puerto Rico's nuisance statute, they requested that the court order the immediate cease and desist of all activities being carried out at the site.
Esso appeared on April 20, 2006, requesting that they be allowed to oppose the written request for TRO by presenting witnesses to the Court. Without opposition form the parties, the Court converted the hearing into a preliminary injunction hearing and allowed Esso to proceed.

FINDINGS OF FACT
The La Vega Ward is a community of several dozen houses in the town of Barranquitas, Puerto Rico, located in the central *471 mountain range of the island. It is crossed by State Road 154 and bordered by the Pirionas River. The Esso gasoline service station subject of the complaint is located roughly in its center.
It is an undisputed fact that gasoline from one or more underground storage tanks at the station leaked. The amount of the leak and its extension is one of the central controversies in the case. The service station is at the present time closed.
On April 18, 2006, defendant Esso Standard Oil began drilling holes in the ground of the former service station as part of its remediation activities. Shortly before commencing work at the service station, Esso distributed written warnings among the plaintiffs. See Plaintiffs' Exhibits 1 and 8. These communications alerted the plaintiffs that the work to be performed could result in the release of dust and vapors. The communications recommended that "children, elderly and persons who are sick should take greater precaution" while the work was being performed.
Later on April 18, plaintiffs began to complain of gasoline odors and to feel dizzy and nauseous, experiencing shortness of breath and headaches. Several plaintiffs, including children, visited regional medical centers and hospitals seeking medical assistance.
Prompted by plaintiffs' complaints, an Esso representative visited the site on the night of April 18, and remained there until morning. At around 2:30 a.m. on the 19th he walked the site and surrounding area with a Puerto Rico Environmental Quality Board regional agent. Both noticed strange odors. At around 4:30 a.m., the Esso representative was awakened by the station's security guard because, among other things, of the odors.
Esso continued with the drillings during subsequent days. Additional plaintiffs complained of respiratory problems, itching, dizziness, skin rashes, headaches, nausea and vomiting and would visit medical centers and hospitals or receive respiratory therapy.
According to defendant Esso, it plans to drill more than 30 similar holes and then perform a large excavation of the soil at the site. This task is said to take approximately four months.

CONCLUSIONS OF LAW
Plaintiffs frame their preliminary injunction request on Puerto Rico's nuisance statute, which reads:
Anything which is injurious to health, indecent, or offensive to the senses, or an obstruction to free use of property so as to interfere with the comfortable enjoyment of life or property, or that is a nuisance to the well being of a neighborhood, or to a large number of persons or that illegally obstructs free flow traffic in the usual manner by a lake, river, bay, stream channel or navigable basin or by a park, square, street, public road and other similar [sic] constitute a nuisance and the subject of an action. Such action may be brought by any person, public agency or municipality whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered; nothing herein provided shall apply to activities related to public worship in churches practiced by different religions; Provided, That the provisions herein established shall not be construed as a limitation to the powers of the Environmental Quality Board to promulgate regulations as it is authorized by law. Furthermore, this legislation shall not limit those powers granted by laws that may be adopted by the Municipalities *472 through municipal ordinances in the implementation of the processes and procedures on public nuisances in their corresponding jurisdictions.
Article 277 of Puerto Rico's Code of Civil Procedure, P.R. Laws Ann. tit. 32 § 3761 (emphasis added).
As the underlined sentence shows, injunctive relief is expressly provided by the statute. The Puerto Rico Supreme Court has referred to it as a "mandatory injunction". Fuentes v. Gulf Petroleum, 1964 WL 14200, 91 D.P.R. 559 (1964). Plaintiffs contend that, as discussed in Pueblo v. Roig, 63 D.P.R. 18, 38 (1944), since the injunction they seek is statutory in nature, and not predicated on the court's equity jurisdiction, all they need to prove is that the statutory provisions are being violated. Esso takes the standard approach of addressing the four elements of the conventional preliminary injunction test. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 17 (1st Cir.2006). That debate need not concern us as the court finds that the plaintiffs have met their burden under the latter and more stringent standard.
A plaintiff seeking injunctive relief under the nuisance statute must show that the activities being carried out by the defendant, due to the manner in which they are being carried out, transcend reasonable limits, and therefore impose a burden that exceed that which he or she need bear. Casiano v. Lozada Torres, 91 D.P.R. 488, 499 (1964).
The fact that Esso may be carrying out its activities pursuant to authorization from the Puerto Rico Environmental Quality Board and other regulatory agencies does not limit this court's authority, to entertain the injunction request. As established in Torres v. Rodriguez, 101 D.P.R. 177, 184 (1973), the citizenry need not remain passive and let their interests and well-being be affected, because the competent agencies, in this case PREQB, do not take measures to protect them.
Having entertained the evidence presented by the parties the Court concludes that one or more of the plaintiffs has proven by a preponderance of the evidence that the emanations from the excavation constitute a nuisance under article 277.
All of the plaintiffs that testified at the injunction hearing confirm the conditions that where created once Esso began its drilling activities. They narrated how they and other family members, including children and the elderly, began to fell dizzy, nauseous, how some started vomiting, to the point that they sought medical attention at regional medical centers and hospitals. They presented the medical records that confirm their testimonies. These witnesses deserve full credibility from the Court.
Esso does not deny that gasoline odors result from the drillings, but it claims that none of the vapor readings they regularly take at the site showed levels of concern.
Under the Puerto Rico nuisance law the plaintiffs need not show that the vapors reach poisonous levels, a nuisance exists if the activity provokes vomiting, dizziness or other physical discomforts. Casiano v. Lozada Torres, 91 D.P.R. at 499.
The Court concludes that the plaintiffs have succeeded in proving that Esso's drilling activities constitute a nuisance. They clearly established that the odors emanating from Esso's drilling activities create an obnoxious condition which is highly distasteful and causes them dizziness, nausea, vomiting, respiratory problems, allergies, including rashes, and itching. Said nuisance results in a substantial and unreasonable interference with plaintiffs' *473 use and enjoyment of their property. More so, the same has unreasonably interfered to a substantial degree with plaintiffs' physical comfort and well-being, irrespective of any medical diagnosis. Because the excavation work at the service station is expected to last for approximately four months, the Court is compelled to conclude that the harm to plaintiffs during said period will be irreparable in nature.
The hardships caused by the nuisance clearly outweigh any inconvenience an injunction may cause Esso. While a clean-up of the La Vega site is indeed in the public interest, any remediation procedure is clearly outweighed by the health, safety and well-being of the area residents.
The Court hereby ORDERS the immediate CEASE AND DESIST of the excavation work at the ESSO La Vega site.
SO ORDERED.